IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.   CCB-20-0039 |
| ROGER TAYLOR, | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

On February 3, 2020, Roger Taylor pled guilty to two charges: Count One of the second superseding indictment in GLR-16-597 (then CCB-16-597), conspiracy to participate in a racketeering enterprise, and Count One of the superseding criminal information in CCB-20-39, conspiracy to possess with intent to distribute five kilograms of cocaine. (ECF 4, 8). On October 13, 2020, he was sentenced to 138 months' incarceration in both cases, to run concurrent. (ECF 14). This was consistent with the Rule11(c)(1)(C) agreement of eleven to fourteen years set forth in the plea agreement. (ECF 4 ¶¶ 9–10). No appeal was noted.

On October 25, 2022, Mr. Taylor filed a motion for compassionate release. (ECF 18). His primary argument was that his asthma made him particularly susceptible to health consequences from Covid. He also relied on his rehabilitation efforts and lack of infractions for any violent conduct.

On January 7, 2023, the government filed an opposition. (ECF 26). They relied on the fact of the Rule11(c)(1)(C) plea, the serious nature of Mr. Taylor's offenses, and the lack of evidence that Mr. Taylor faced a serious health risk, particularly since he had been vaccinated. Mr. Taylor filed a reply (ECF 27) and later a supplement (ECF 28). All have been considered.

To support a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the defendant must show an "extraordinary and compelling "reason for release. If he does so, the court then considers "the factors set forth in section 3553(a) to the extent they are applicable." *United States v. Bond*, 56 F.4th 381, 383–84 (4th Cir. 2023). I will assume, without deciding, that Mr. Taylor has shown an extraordinary and compelling reason based on his health. But in this case, I conclude that a reduction in the sentence imposed on the recommendation of both parties would not adequately reflect the seriousness of the offense or promote respect for the law, nor would it be just punishment. Mr. Taylor, while he did not admit and was not sentenced for any personal act of violence, did admit that he supported a gang called TTG "in the form of money, drugs and other assistance." He also agreed that distribution of "at least 15 kilograms but less than 50 kilograms of cocaine" was within the scope of his agreement and reasonably foreseeable to him. (ECF 4, at 10–11). He has served at most half of his 138-month sentence. Finally, while the court appreciates his efforts at rehabilitation, they are neither extraordinary nor sufficient in themselves to warrant early release.

Accordingly, Mr. Taylor's motion for compassionate release (ECF 18) is hereby **DENIED**.

So Ordered this 1st day of November 2024.

The Clerk shall send a copy of this Memorandum and Order to Mr. Taylor and counsel of record.

BY THE COURT:

/S/ CATHERINE C. BLAKE
Catherine C. Blake
United States District Judge